[Civ. No. 11999. First Dist., Div. Two. Feb. 27, 1942.]

FRANK S. SPENCER, Respondent, v. U. L. DI GHILINI, Appellant.

Morton E. Feiler and Burton B. Crane for Appellant.

Henry M. Lee and Harold A. Fendler for Respondent.

NOURSE, P. J.—Plaintiff sued to rescind an oral contract for the sale of an antique silver covered Spanish throne. He had a judgment from which defendant appeals.

The evidence covering the terms of the oral contract is in strong conflict. In brief the plaintiff's contention is that on June 22, 1940, he sold and delivered the throne to defendant in consideration of the latter's promise to pay therefor the sum of $200 in cash, several paintings, including an original "Corot," and other specific personal property shown to plaintiff's agent in the attic of Mrs. Thomas, for whom the defendant was acting as business manager. It is the defendant's contention that the entire consideration for the sale of the throne was the sum of $200 and the delivery of fourteen paintings.

On June 22, 1940, plaintiff delivered the throne to defendant and took delivery of some paintings, and received the cash payment. On July 2, the plaintiff signed an unconditional bill of sale of the throne, and, on July 17, gave notice of rescission of the contract. The plaintiff testified that he signed the bill of sale upon the fraudulent representation that defendant needed and would use it only for publicity purposes and that the remaining articles would soon be delivered.

The plaintiff commenced an action in the municipal court for the return of the throne, and tendered the cash and the paintings which he had received. The defendant demurred and moved to transfer the cause to the superior court upon the ground that the throne was worth $30,000. The demurrer was sustained, and this action was refiled in the superior court based upon the theory of fraudulent representations and failure of consideration. In support of his claim of failure of consideration, the plaintiff pleaded that the parties agreed that no definite intrinsic value would be put upon the throne, but that defendant would deliver in payment therefor, in addition to the sum of $200, a group or collection of paintings and certain other antiques of unknown value consisting of twelve swords, two Paisley shawls, two Cashmere shawls, one Chinese bronze, two box springs and mattresses, two paintings, one settee, one chair, and two auto robes; that the defendant thereupon falsely, and with the

fraudulent intention of inducing plaintiff to make the agreement, represented to plaintiff that he had title and possession of the last enumerated personal property; that plaintiff relied fully upon these representations and was thereby induced to deliver the antique throne. The defendant denied these allegations and pleaded the written bill of sale dated July 2 and other facts indicating that when the defendant had the throne appraised and learned that it might have belonged to Queen Isabella of Spain he was led to twit the plaintiff on his poor judgment of values, and the plaintiff thereupon became alarmed and started these proceedings to free himself from a poor bargain. Defendant then points to certain inconsistencies between the allegations of the complaint herein and those found in the complaint filed in the municipal court, and lists four grounds for a reversal of the judgment which we will take in the order stated.

The alleged failure to prove the oral contract. The argument is based upon the often criticized practice of taking unconnected portions of the testimony of the witnesses as indicating an inconsistency in the full story. The negotiations for the sale were made in part by the respondent, in part by Osiel, his agent, and they were conducted in part with the appellant and in part with Mrs. Thomas for whom he was acting as business manager. The evidence as a whole disclosed that the consideration for the sale of the throne, in addition to the cash payment, was the transfer of certain paintings and other personal belongings of Mrs. Thomas, which were pointed out and identified as stored in the attic of her house. The evidence was sufficient to support the finding covering the terms and conditions of the oral contract, as alleged in the complaint. On the other hand the testimony of the appellant was impeached on so many material matters that the trial court was fully justified in dismissing it entirely and in making the finding that the allegations of the answer were untrue.

Secondly, it is argued that there was no proof of any misrepresentations made to respondent inducing the sale. Under the former heading appellant recites evidence of the representations relating to the goods stored in the attic and objects that the evidence did not clearly identify the several articles. There is no denial however that such representations were made, that they were an inducement to the sale, or that they were made without the intention of delivering the goods as a part of the sale.

Next it is argued that the judgment must be reversed because it rests upon undisclosed statements made to respondent by his own agent. This contention rests upon the failure to take into consideration the evidence that the negotiations were conducted in part by the principals and in part by their agents. This evidence discloses that all the material parts of the numerous oral negotiations were communicated to the parties in interest, and that the agreement was made as found by the trial court.

Finally it is argued that respondent should be bound by the written bill of sale as a full receipt of all consideration agreed to by the parties; that this writing must be presumed to contain all the terms of the prior oral negotiations. The trial court found that the respondent executed the bill of sale upon the false representations of appellant, and the evidence fully supports this finding. The rule of law applicable is found in *Mooney* v. *Cyriacks,* 185 Cal. 70, 81 [195 Pac. 922], where it was said: "It follows that in actions for rescission on the ground of fraud the statutory provisions that when the terms of an agreement have been reduced to writing, it is to be considered as containing all of the terms (Code Civ. Proc., sec. 1856), and that the execution of a contract supersedes all prior negotiations or stipulations (Civ. Code, sec. 1625), do not control."

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.